UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-20-19

PAUL DANTZIG,

           Plaintiff,

-against-

COUNTY OF WESTCHESTER; ANTHONY SCARPINO, DISTRICT ATTORNEY; and GEORGE LATIMER, EXECUTIVE

           Defendant.

19-cv-8811(NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff, proceeding *pro se*, commenced this 42 U.S.C. § 1983 action against Defendants County of Westchester, District Attorney ("DA") Anthony Scarpino, and County Executive George Latimer in the New York State Supreme Court, County of Westchester, on August 23, 2019. (*See* ECF No. 1.) On September 10, 2019, Defendants County of Westchester and DA Scarpino (together, "County Defendants") were served with the Summons and Complaint. (*Id.*) This action was removed to federal court on September 23, 2019. (*Id.*) Plaintiff now seeks entry of a default judgment against Defendant County of Westchester, claiming it failed respond to his Complaint within the timeframe prescribed by law. (ECF No. 10.) However, the County of Westchester is not in default. Plaintiff's request is ripe for denial.

County Defendants were served with the Complaint on September 10, 2019, and the action was removed to federal court on September 23, 2019. (ECF No. 1.) County Defendants maintain that Defendant George Latimer has not yet been properly served.[1] (ECF No. 1, 5, & 11.) At the

---

[1] Conversely, Plaintiff has submitted affidavits of service purporting to demonstrate service of the Summons and Complaint upon George Latimer as of September 11, 2019, pursuant to N.Y. C.P.L.R. § 308(2). (*See* ECF 10.) In any event, Plaintiff does not seek entry of default judgment against Latimer, and the Court need not address the propriety of the service upon Latimer at this juncture. The Court further notes that no allegations are made against Latimer in the Complaint. (*See* ECF No.1.)

time of removal to federal court, County Defendants' answers were due on October 1, 2019. (*See* Fed. R. Civ. P. 81(c)(2).) On September 30, 2019, County Defendants sought an extension of time to respond to the Complaint until November 6, 2019. (ECF No. 5.) On October 1, 2019, the court granted County Defendants' application. (ECF No. 6.) On November 6, 2019, County Defendants submitted a letter motion for a pre-motion conference in anticipation of their motion to dismiss. (ECF No. 7.)

Plaintiff's basis for seeking a default judgment rests on a misunderstanding of the law. While it is true that Federal Rule of Civil Procedure 12(a)(1)(A) prescribes the timeframe under which a Defendant may serve an answer, a defendant's options do not end with Federal Rule of Civil Procedure 12(a)(1)(A). A defendant may properly respond to a complaint by way of a motion, which would necessarily have to be filed before a responsive pleading. *See* Fed. R. Civ. P. 12(b). Such a motion tolls the timeframe to answer the complaint until the motion is resolved. *See* Fed. R. Civ. P. 12(a)(4), (d). To file such a motion in this Court, a Defendant must first seek leave for a pre-motion conference by letter. *See* Román, J., Indiv. Civ. Prac. R., 3(A)(ii), *available at* http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1501. Such a filing tolls the applicable statutory deadline for filing an answer. *Id.* Consequently, County Defendants' pre-motion letter, filed on November 6, 2019, and within the timeframe prescribed by the Court, (ECF Nos. 6 & 7), properly tolled their time to answer; a default judgment is therefore not warranted. Moreover, Plaintiff's allegation that County Defendants' application for an extension of time to respond only sought such an extension on behalf of DA Scarpino, (ECF No. 13), is erroneous and directly contradicted by the plain language of County Defendants' letter application, (ECF No. 5), and the Court's endorsement granting the extension to *both* DA Scarpino and the County of Westchester, (ECF No. 6).

2

Separately, the Court grants the County Defendants' letter request to file a motion to dismiss and waives the pre-motion conference requirement. The parties must comply with the following briefing schedule:

- County Defendants' moving papers must be served on Plaintiff on or before February 6, 2020;
- Plaintiff's opposition, if any, must be served on County Defendants on or before March 6, 2020; and
- County Defendants' reply, if any, must be served on Plaintiff on or before March 20, 2020.

Contemporaneous with serving their adversaries on the above referenced dates, the parties must also serve two (2) courtesy copies of their papers on Chambers as outlined above. Further, due to Plaintiff's status as a *pro se* plaintiff, County Defendants must file all motion-related documents, including Plaintiff's Opposition, on the Court's electronic filing system on March 20, 2020. No motion-related papers should be filed on the docket before that date.

## CONCLUSION

Plaintiff's request for default judgment, (ECF No. 10), is denied, County Defendants' request that the Court deny Plaintiff's request for default judgment, (ECF No. 11), is granted, and County Defendants' request for a pre-motion conference, (ECF No. 7), is granted to the extent provided herein. The Clerk of the Court is respectfully requested to terminate the motions at ECF Nos. 7, 10, and 11. The Clerk of the Court is also respectfully requested to mail a copy of this Order to Plaintiff and note proof of mailing on the docket.

Dated: December 20, 2019
White Plains, New York

NELSON S. ROMÁN
United States District Judge