UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/2021
```

PAUL DANTZIG,

                              Plaintiff.

     -against-

COUNTY OF WESTCHESTER; ANTHONY
SCARPINO, DISTRICT ATTORNEY; and
GEORGE LATIMER EXECUTIVE,

                              Defendants.

No. 19-cv-8811 (NSR)
**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Pro se Plaintiff, Paul Dantzig ("Plaintiff" or "Dantzig") commenced this action under 42
U.S.C. § 1983 ("§ 1983") against Defendants County of Westchester, Westchester County District
Attorney Anthony Scarpino ("DA Scarpino"), Westchester County Executive George Latimer
("CE Latimer") (together, "Defendants") for malicious prosecution arising out of his arrest and
prosecution between November 3, 2018 and August 8, 2019.  (Complaint ("Compl.") (ECF No. 1-
1).)  The case was initiated in the New York Supreme Court, Westchester County, under the Index
No. 63079/2019, and was subsequently removed to this Court by Defendants County of
Westchester and DA Scarpino.  (ECF No. 1.)  Defendants move to dismiss pursuant to Federal
Rules of Civil Procedure 12(b)(6) and 12(b)(5) arguing, among other things, that: (1) DA Scarpino
is subject to Eleventh Amendment immunity and absolute immunity; (2) Plaintiff has failed to
allege a plausible *Monell* claim against Westchester County; (3) Plaintiff has failed to allege a
plausible official capacity § 1983 claim against CE Latimer; and (4) Plaintiff has failed to effect
service of process on CE Latimer in his individual capacity.  For the following reasons,

Defendants' motion to dismiss is GRANTED, and Plaintiff's claims are dismissed without prejudice.

## FACTUAL BACKGROUND

The following facts herein are drawn from Dantzig's Complaint, except as otherwise indicated.  The Court "accepts all well-pleaded facts in the Complaint as true for the purposes of ruling on a motion to dismiss."  *Jackson v. NYS Dep't of Labor*, 709 F.Supp.2d 218, 222 (S.D.N.Y. 2010).

   *1. Plaintiff's Arrest and Involuntary Hospitalization on November 3, 2018.*

Pro se Plaintiff, Paul Dantzig, is a doctor that was prosecuted for, and exonerated of, criminal harassment in the second degree for events occurring on November 3, 2018.  On that day, he visited his son at St. Vincent's Hospital ("St. Vincent's") in Harrison, New York, grew dissatisfied with the conditions of St. Vincent's and treatment of his son, and complained to unnamed individuals about these issues.  (Compl. ¶ 3-4.)

Plaintiff's expression of dissatisfaction was not well received by St. Vincent's staff. Unspecified staff members responded to Plaintiff's complaints by forcing him to leave the hospital, denying him access to the hospital to visit his son in the future, threatening him with physical violence, and otherwise acting "very inappropriately."  (*Id.* ¶ 5.)  In addition, unnamed staff members contacted law enforcement to report Plaintiff's unspecified conduct and press unstated charges against Plaintiff.  (*Id.* ¶ 6.)

The Harrison Police Department responded to the St. Vincent's emergency call by taking Plaintiff into custody and conducting an interrogation of Plaintiff that lasted approximately seven hours.  (*Id.* ¶ 7.)  During the interrogation, Plaintiff was chained to a pole and left standing insofar as he had "no place to sit."  (*Id.*)  Sometime during the interrogation, Harrison Police Department

officers generated false statements that they attributed to Plaintiff indicating that Plaintiff was suicidal, homicidal, or both.  (*Id.* ¶ 8.)

Though the sequence of events and exact timing is somewhat unclear, Plaintiff was initially detained at the Harrison Police Department (*Id.* ¶ 7), and then subsequently involuntarily hospitalized at the New York Presbyterian Psychiatric Hospital ("NYPPH") in connection with the false suicidal and homicidal statements falsified by the Harrison Police Department.  (*Id.* ¶ 10.) At NYPPH, Plaintiff was inappropriately admitted with a diagnosis of severe bipolar disorder with suicidal and homicidal tendencies.  Plaintiff was involuntarily hospitalized for a total of five days and was discharged on or around November 8, 2018 upon a determination by NYPPH psychiatrists that Plaintiff did not have any psychiatric illness that justified continued hospitalization.  (*Id.* ¶ 16.)

As a result of this diagnosis and involuntary admission, Plaintiff was threatened (by an unknown source) with the loss of his medical license, damage to his reputation, loss of income, and loss of his medical practice.  He was also unable to care for his children (*Id.* ¶ 12), treat his patients, or attend to his medical practice (*Id.* ¶ 14).  Plaintiff also developed hypertension and post-traumatic stress syndrome.  (*Id.* ¶ 15.)

The Complaint vaguely alleges that DA Scarpino reviewed and approved (in an unspecified context) of the evidence collected by the Harrison Police Department, agreed to prosecute the charges against Plaintiff, and that this decision to prosecute violated unspecified New York State laws relating to patient rights and parental rights.  (*Id.* ¶ 8-10.)  The Complaint does not assert that DA Scarpino played any role in the investigation.

2. *The Criminal Prosecution of Plaintiff by the Westchester*
   *County District Attorney's Office*

Either after Plaintiff's discharge from NYPPH, or sometime during his hospitalization, the

Westchester County District Attorney's office pursued criminal charges against Plaintiff, and he

was charged with aggravated harassment in the second degree. (*Id.* ¶ 17-18.) Some unspecified

time after his discharge, during an unspecified pre-trial proceeding (possibly an arraignment),

either Defendant DA Scarpino, or an unnamed assistant district attorney "argued obsessively in

court to have the plaintiff reprimanded [*i.e.*, remanded] to TASC," which likely refers to a pretrial

diversion program, on the basis of allegedly nonexistence evidence of Plaintiff's psychiatric illness

or drug use. (*Id.* ¶ 17.)

In January 2019, sometime after Plaintiff was charged with aggravated harassment via an

unspecified charging instrument, Plaintiff moved to dismiss the charging instrument. (*Id.* ¶ 18).

After the motion to dismiss was filed, DA Scarpino (or an assistant district attorney acting at his

behest) voluntarily dismissed the aggravated harassment charge against Plaintiff, and filed "a new

superseding violation, harrassment [second degree]" despite Plaintiff's contention that "there was

no evidence for the crime." (*Id.* ¶ 19.)

On April 19, 2019, in connection with the production of trial exhibit lists and *Rosario*

material—*i.e.*, discovery material prosecution is obligated to disclose under New York state law

pursuant to *People v. Rosario*, 9 NY.2d 286 (1961) and New York Criminal Procedure Law §

240.45—DA Scarpino submitted a letter identifying certain of Plaintiff's medical records as

potential trial exhibits. (*Id.* ¶ 20.) Plaintiff does not allege whether: (1) he objected to the

introduction of those records at trial, (2) the Court ruled on the admissibility of those records, or

(3) the records were introduced at trial. Afterwards, on August 8, 2019, the prosecution of Plaintiff

on the superseding charging instrument proceeded for an unspecified number of days. (*Id.* ¶ 21.)

The trial ultimately ended with Plaintiff being "found innocent of all charges," presumably meaning that the jury returned a not-guilty verdict on the charge of harassment second degree. (*Id.*)

DA Scarpino is alleged to have "played an active role in the original case and subsequent charges and [unspecified] demands" (*Id.* ¶ 23), pursued the prosecution "with improper purpose" (Comp. ¶ 25), and engaged in actions that were "negligent, egregious, and malicious and caused terrible harm to the Plaintiff and his family" (*Id.* ¶ 26). The only other allegation in the Complaint bearing upon DA Scarpino's alleged purpose in pursuing the prosecution of Plaintiff is that DA Scarpino "was obsessively determined to get a conviction." (*Id.* ¶ 19.)

Plaintiff names the County of Westchester and CE Latimer in the case caption, and stated that "Westchester County . . . is responsible for administering and enforcing state laws" (*Id.* ¶ 1) but does not otherwise mentions those defendants in the Complaint.

## PROCEDURAL HISTORY

Plaintiff filed this action in New York State court on August 23, 2019, under Index No. 63079/2019, seeking $5,000,000 and any additional punitive damages the Court deems just and proper. (Compl. ¶ 27.) Plaintiff effected service on Defendants Westchester County and DA Scarpino on September 10, 2019, and those defendants removed the case to the United States District Court for the Southern District of New York on September 23, 2019. (ECF No. 1.) As discussed below, Defendant CE Latimer contends that he did not receive effect service of process because the summons and complaint was served upon a receptionist that was not authorized to accept service on his behalf.

Defendants moved for leave to file a motion to dismiss. (ECF No. 7.) Plaintiff responded by filing a letter objecting to Defendants' request (ECF No. 9) and then subsequently filing a motion for a default judgment (ECF No. 10). By Opinion and Order dated December 20, 2019,

the Court denied Plaintiff's motion for a default judgment because Defendants had timely sought

leave to file a motion to dismiss and granted Defendants leave to file their motion to dismiss.  (ECF

No. 15.)  On March 23, 2020, Defendants filed their moving papers (ECF Nos. 17-20), an affidavit

of service indicating that the moving papers had been served upon Plaintiff on February 6, 2020

(ECF No. 21), and a letter explaining that they had not received an opposition papers from Plaintiff

(ECF No. 22).  In the intervening year, Plaintiff has not sought an extension of his deadline to

respond to the motion to dismiss.  The Court deems the motion fully briefed and this Opinion &

Order follows.

## LEGAL STANDARDS

### Rule 12(b)(5)

Fed. R. Civ. P. § 12(b)(5) provides that a complaint may be dismissed for insufficient

service of process.  When considering a Rule 12(b)(5) motion, a court must look to matters outside

the complaint to determine whether it has jurisdiction.  *Darden v. DaimlerChrysler N. Am. Holding

Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).  Plaintiff bears the burden of establishing that

service was sufficient.  *Khan v. Khan*, 360 Fed. App'x. 202, 203 (2d Cir. 2010) (citing *Burda

Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)) (internal citation omitted).  On a motion

to dismiss, Courts should consider the issue of jurisdiction first, because dismissal for lack of

jurisdiction renders all other claims moot.  *Darden*, 191 F. Supp. 2d at 386 (citing *Ruhrgas AG v.

Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Calero v. Immigration and Naturalization Service*,

957 F.2d 50 (2d Cir. 1992); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358 (2d Cir. 2000)).

A plaintiff seeking to effectuate service of process on an individual must adhere to Fed. R.

Civ. P. § 4.  Generally, Rule 4(e) provides that service of process upon an individual, other than a

minor or incompetent, located in a judicial district of the United States, may be served by:

following the local state law for serving a summons in an action brought in courts of general

6

jurisdiction in the state where the district court is located or where service is made; delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. § 4(e).

**Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted).  When a plaintiff proceeds pro se, however, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint, including documents that a pro se litigant attaches to his opposition papers, statements by the plaintiff submitted in response to a defendant's request for a pre-motion conference, and documents that the plaintiff either possessed or knew about and upon which he or she relied in

bringing the suit." *Gayot v. Perez*, No. 16-CV-8871 (KMK), 2018 WL 6725331, at *4 (S.D.N.Y. Dec. 21, 2018) (internal quotation marks, alterations, and citations omitted). In other words, the Court may "consider factual allegations made by a pro se party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

A court must read a pro se complaint liberally, interpreting it "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010). A motion to dismiss a pro se complaint should only be granted if the complaint raises no plausible right to relief under any set of facts the plaintiff could plausibly prove. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A liberal construction of a pro se plaintiff's complaint and submissions is especially important if it includes an allegation of civil rights violations. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Nonetheless, a pro se plaintiff's complaint must plausibly set out entitlement to relief with sufficient factual allegations. *Jackson*, 709 F. Supp. 2d at 224. A court liberally construing a pro se complaint is not required to re-write it or ignore the lack of an element essential to an entitlement to relief. *Geldzahler v. N.Y. Medical Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## DISCUSSION

### I. Service of Process on CE Latimer in His Individual Capacity

Defendant CE Latimer moves to dismiss the claims against him, only to the extent he is being sued in an individual capacity, for lack of personal jurisdiction under Rule 12(b)(5), based on improper service of process. The Court agrees that Plaintiff failed to strictly comply with the relevant state law, N.Y. C.P.L.R. ("CPLR") § 308(2), in effectuating service because he did not file proof of service with the court that issued the summons.

Rule 4(e) governs appropriate service of process and dictates that "an individual within a judicial district of the United States" may be served by:

8

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  The applicable state statute permits service by:

> delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" ..., such delivery and mailing to be effectuated within twenty days of each other....

CPLR § 308(2).

"All that is required under CPLR 308 subdivision 2, with respect to personal service, is that process be served upon 'a person of suitable age and discretion at the actual place of business,' regardless of whether or not that person is an employee or is otherwise officially authorized to accept service on behalf of the defendant." *Pub. Adm'r of the Cty. of New York v. Markowitz*, 163 A.D.2d 100, 100–01, 557 N.Y.S.2d 348, 348 (1st Dep't 1990); *see also Xiao Hong Wang v. Chi Kei Li*, 169 A.D.3d 593, 594, 95 N.Y.S.3d 51, 53 (1st Dep't 2019) (holding that Plaintiff "was not required to establish that codefendant [person who accepted service] was actually a coworker of defendants or otherwise officially authorized to accept service on their behalf.").  Additionally, courts have found that service upon an individual authorized to accept service upon behalf of the corporate entity, though not necessarily the individual defendants, complied with CPLR 308(2)

because it was reasonably calculated to apprise the parties of the pendency of the action.  *Leung v. New York Univ.*, No. 08-CV-05150 (GBD), 2016 WL 1084141, at *8 (S.D.N.Y. Mar. 17, 2016).

An affidavit of service filed with this Court in connection with Plaintiff's motion for default judgment (ECF No. 10) indicates that Plaintiff attempted to effectuate service upon CE Latimer by using a process server to deliver a copy of the summons and complaint upon Donna Dixon, who told the process server that she was authorized to accept service.  (*See* Defs' Ex. D (ECF No. 18-4).)  The affidavit of service also avers that the summons and complaint were sent by first class mail to the same office address where service upon a purportedly suitable person, *i.e.*, Ms. Dixon, was attempted.  (*Id.*)

Defendants do not appear to dispute the affidavit of service, nor present their own affidavit to controvert any of the averments contained therein.  Accordingly, the Court does not perceive any dispute that: (1) the summons and complaint were delivered to Ms. Dixon, a receptionist, at 148 Martine Ave. Apt. #900, White Plains, NY 10601 on September 10, 2019; and (2) the summons and complaint were mailed to that same address on September 11, 2019.  Instead, it appears that Defendants contend that service was nonetheless deficient because Ms. Dixon was only authorized to accept service on behalf of Westchester County, and not on behalf of CE Latimer personally. (Defendants' Memorandum of Law ("Defs' Mem.") (ECF No. 20) at 3-4.)

Defendants' argument is mistaken as, whether or not Ms. Dixon was authorized to accept service on behalf of CE Latimer, the operative inquiry is whether she is "of sufficient maturity, understanding, and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant," *Ent. by J&J, Inc. v. Las Hermanas Resaurant, Inc.*, No. 02 CIV. 1119CSH MHD, 2006 WL 3711565, at *2 (S.D.N.Y. Dec. 14, 2006), and whether 148 Martine Ave Apt. #900, White Plains, NY 10601 is CE Latimer's actual place of business.  Defendants

assert no factual allegations in their memorandum disputing Ms. Dixon's maturity, understanding, or responsibility, or whether 148 Martine Ave is CE Latimer's place of business.   Nor do Defendants submit a single affidavit controverting any of the averments in the process server's affidavit of service.   Defendants' conclusory objection that Ms. Dixon was not authorized to accept service is insufficient to rebut the process server's affidavit that copies were, in fact, hand delivered and mailed in compliance with CPLR 308(2).   *Leung*, 2016 WL 1084141, at *9.

Nonetheless, CPLR 308(2) "also requires that 'proof of such service [ ] be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing....'"   *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 660 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999) (alteration in original) (quoting CPLR § 308(2)).   The Court designated in the relevant summons is the Supreme Court of New York, County of Westchester.   A review of the docket of that matter reveals that proof of service was never filed with that court.[1]   Accordingly, service under CPLR § 308(2) was not completed with respect to CE Latimer.   *Johnson v. Quik Park Columbia Garage Corp.*, 1995 WL 258153, at *2 (S.D.N.Y. May 2, 1995) (dismissing action as to a defendant where service was "ineffective because plaintiff did not file proof of service with the clerk of the court within 20 days of the date on which her process server allegedly mailed a copy of the summons and complaint" to that defendant, and noting that § 308(2) "requires strict compliance").

Based on the foregoing, Defendants' motion to dismiss the complaint with respect to CE Latimer in his individual capacity for lack of personal jurisdiction under Rule 12(b)(5), based on

---

[1] Though proof of service was filed with this Court, this Court was not designated on the relevant summons, the Court is not aware of any authority indicating the filing of proof of service with a court other than the one designated on the summons is sufficient to comply with the mandate of CPLR §308(2), and the relevant proof of service was filed on November 6, 2019, *i.e.*, more than 20 days after the summons was mailed on September 11, 2019.

improper service of process, is granted.  Plaintiff's claims against CE Latimer in his individual capacity are dismissed without prejudice.[2]

## II.    Eleventh Amendment Immunity with Respect to Official Liability of DA Scarpino

Defendants argue that Plaintiff's malicious prosecution against DA Scarpino in his official capacity are barred by Eleventh Amendment immunity.  (Defs' Mem. at 16-17.)  The Court agrees.

Suits against state officials, which include district attorneys, acting in their official capacities, are barred by Eleventh Amendment immunity.  *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988) (stating that the assistant district attorney "represents the State not the county"); *Alvarez v. Doe*, No. 03-CV-7740, 2004 WL 1874972, at *4 (S.D.N.Y. Aug. 13, 2004).  Prosecution, even if allegedly malicious, is action within a prosecutor's "official capacity."  *See, e.g., Blessinger v. City of New York*, No. 17-CV-108(WHP), 2017 WL 3841873, at *1 (S.D.N.Y. Sept. 1, 2017); *Calderon v. Morgenthau*, No. 04-CV-8905(NRB), 2005 WL 1668617, at *2 (S.D.N.Y. July 15, 2005); *Alvarez*, 2004 WL 1874972, at *4; *Carbajal v. County of Nassau*, 271 F. Supp. 2d 415, 420 (E.D.N.Y. 2003).  In *Alvarez*, the court held that the plaintiff's malicious prosecution claim against the defendant district attorney was barred by the Eleventh Amendment because it "pertains solely to his activities as District Attorney."  *Alvarez*, 2004 WL 1874972, at *4.  The same reasoning applies with equal force here as all allegations against DA Scarpino pertain solely to his activities as District Attorney.  (*See* Compl. ¶¶ 8-23.)  Thus, Plaintiff's malicious prosecution claim against DA Scarpino are barred by the Eleventh Amendment.

---

[2] Plaintiff did not oppose the motion to dismiss and accordingly did not assert any basis for good cause meriting an extension of time to effect service.  Regardless, assuming arguendo that Plaintiff's claims accrued on November 3, 2018, a refiled action prior to November 3, 2021 would not appear to be time-barred, and given the dismissal of claims against Defendants on other grounds, granting Plaintiff an extension to serve CE Latimer, whom is not mentioned in the Complaint besides the caption, would likely prove to be a poor use of judicial resources and a fruitless exercise.  Instead, Plaintiff can amend his complaint and then at that point attempt Defendant CE Latimer.

### III.     Absolute Immunity with Respect to Individual Capacity Liability of DA Scarpino

Defendants argue that Plaintiff's malicious prosecution claims against DA Scarpino, to the extent they are brought against DA Scarpino in his individual capacity, are barred by absolute immunity.  (Defs' Mem. at 17-20.)  The Court agrees.

"Absolute immunity protects a prosecutor not only from liability but also from suit." *Ogunkoya v. Monaghan*, 913 F.3d 64, 67 (2d Cir. 2019) (citation and quotation marks omitted). Under federal law:

> Prosecutors are entitled to absolute immunity when they engage in activities "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and done "in the course of [their] role as . . . advocate[s] for the State," *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Whether an action is "prosecutorial" is determined by a "'functional approach,' which looks to 'the nature of the function performed, not the identity of the actor who performed it.'"  *Id.* at 269 (citations omitted) (quoting *Burns v. Reed*, 500 U.S. 478, 486–87, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Forrester v. White*, 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)).

*Kent v. Cardone*, 404 F. App'x 540, 542 (2d Cir.2011).   The same is true under New York State law.  *See Hirschfeld v. City of New York*, 253 A.D.2d 53, 59–60, 686 N.Y.S.2d 367 (1st Dep't 1999).

"Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'"  *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir.1994).  A district attorney "'act[ing] within the scope of his duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983.'"  *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir.2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)).  The decision whether to charge, and what to charge,

are solely within the discretion of the prosecution.  *See Barnett v. City of Yonkers*, No. 15-CV-4013, 2020 WL 2539005, at \*5 (S.D.N.Y. May 19, 2020) (role of prosecutor includes "'evaluating and organizing evidence for presentation at trial or to a grand jury, or determining which offenses are to be charged'") (citing *Hill v. City of N.Y.*, 45 F.3d 653, 661 (2d Cir. 1995)); *see also United States v. Avenatti*, 433 F. Supp. 3d 552, 561 (S.D.N.Y. 2020) ("'[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his [or her] discretion.'") (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978)).

By contrast, "acts that historically received no immunity at common law," are not subject to absolute immunity.  *Hill*, 45 F.3d at 661.  Accordingly, "[i]mmunity does not protect those acts a prosecutor performs in administration or investigation not undertaken in preparation for judicial proceedings."  *Id.*  "When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, [absolute] immunity should protect the one and not the other."  *Buckley*, 509 U.S. at 273.

Here, all of the allegations against DA Scarpino concern his conduct in reviewing, approving, and participating the criminal prosecution against Plaintiff by way of approving charging decisions, dismissing certain charges, and using certain evidence.  In sum, DA Scarpino is alleged to have "reviewed and approved" certain evidence that formed the basis of the initiation of charges against Plaintiff (Compl. ¶ 8), "reviewed and approved" the arrest of Plaintiff and agreed to prosecute the charges against him (*id.* ¶ 9), requested that a court remand Plaintiff to the custody of "TASC" (which presumably refers to Westchester County's trial diversion program) during an unspecified proceeding that appears to have occurred after Plaintiff was charged with

14

aggravated harassment, second degree (*id.* ¶ 17), voluntarily dismissed charges against Plaintiff sometime after Defendant filed a motion to dismiss the unspecified charging instrument (*id.* ¶¶ 18-19), initiated a superseding charging instrument against Plaintiff for harassment, second degree (*id.* ¶ 19), and throughout played an active role in the original case and subsequent charges and demands (*id.* ¶ 23).  All of this conduct falls squarely within the scope of acts that received immunity at common law and none of the aforementioned conduct can be described as administrative or investigatory such that it was undertaken outside of the preparation for judicial proceedings.

Accordingly, Plaintiff's malicious prosecution claim against DA Scarpino is dismissed without prejudice.

*** 

While Plaintiff's claims against DA Scarpino for malicious prosecution are barred insofar as he merely alleges DA Scarpino's participation in judicial processes, the Court notes that conduct that Plaintiff attributes to nonparties may give rise to unasserted claims under § 1983.  For example, Plaintiff's complaint may be liberally construed to assert that he was either: (1) subject to an emergency admission for immediate observation pursuant to New York Mental Hygiene Law § 9.41 or (2) admitted to NYPPH based on the assessment of the medical director of NYPPH pursuant to New York Mental Hygiene Law § 9.39 – *i.e.*, he alleges, without identifying who made the diagnosis, that he received a false diagnosis that he was suffering from severe bipolar disorder and had suicidal or homicidal tendencies during his admission to NYPHH (Compl. ¶ 12).  If the former is the case, he may be able to assert claims against the law enforcement officers who took Plaintiff into custody and sought his emergency admission.  If the latter is the case, then he may be able to assert claims against relevant doctors instead.

### IV.   *Monell* Claim

A municipality may be sued under 42 U.S.C. § 1983 only "when execution of [the] government's policy or custom . . . inflicts the injury." *Monell v. Dep't of Soc. Serv. of the City of N.Y.*, 436 U.S. 658, 694 (1978).  Such a claim is commonly referred to as a *Monell* claim.  A *Monell* claim against a municipal entity must "show that the challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004).  Courts in this Circuit apply a two-prong test for § 1983 claims brought against a municipal entity. *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985).  First, the plaintiff must "prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused [the plaintiff's] injuries beyond merely employing the misbehaving officer." *Id.* (internal citation omitted).  Second, the plaintiff must establish a "'direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 439 (S.D.N.Y. 2012) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

A municipality may be liable if its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694.  Hence, both official and unofficial policies may suffice for establishing *Monell* liability.  For an unofficial policy or custom to invite *Monell* liability, the practice, custom or usage must be so widespread and so persistent that it has the force of law. *See Lauro v. City of New York*, 39 F. Supp. 2d 351, 366 (S.D.N.Y. 1999), *rev'd on other grounds*, 219 F.3d 202 (2d Cir. 2000).

To the extent Plaintiff seeks to assert a *Monell* claim, that claim is dismissed.  Generally, merely asserting, in the absence of factual allegations in support, that a municipal entity has a custom or policy that denies a plaintiff a constitutional right is insufficient to establish a plausible

claim. *See Batista v. Rodriguez*, 702 F.2d 393, 397, 399 (2d Cir. 1983). "[G]overnment officials and private actors deemed to be engaged in state action are not entitled to the protections of *Monell* and local governments are not entitled to qualified immunity." *Herrera v. Santa Fe Pub. Sch.*, 41 F. Supp. 3d 1027, 1099 (D. N.M. 2014) (citing *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165 – 67 (1993)). Here, Plaintiff fails to identify or describe any custom, practice, or policy of Westchester County, much less one that deprived Plaintiff of any constitutional rights. Therefore, Plaintiff's Complaint does not state a facially plausible claim for *Monell* liability against Westchester County. In light of Plaintiff's *pro se* status, Plaintiff's claim against Westchester County is dismissed without prejudice.

## V.    Claims Against CE Latimer

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). The Second Circuit has recently held that:

> [A]fter Iqbal, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S.Ct. 1937. "The factors necessary to establish a [§ 1983] violation will vary with the constitutional provision at issue" because the elements of different constitutional violations vary. *Id.* The violation must be established against the supervisory official directly.

*Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

Where a plaintiff names a defendant in the caption, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted).

Here, Plaintiff names CE Latimer as a defendant in the caption of the complaint, but the complaint is otherwise devoid of any allegations suggesting that CE Latimer was personally involved in the events underlying Plaintiff's claims. Accordingly, Plaintiff's claims against CE Latimer are dismissed without prejudice for failure to state a claim on which relief may be granted.

## CONCLUSION

For the foregoing reasons, Defendants' unopposed motion to dismiss is GRANTED and the Court dismisses Plaintiff's claims without prejudice.

Plaintiff is granted leave to Amend his Complaint consistent with this Opinion **on or before April 30, 2021**, should he choose to reassert his malicious prosecution claims or to assert claims for unreasonable seizure or due process violations or unlawful imprisonment against additional parties. Because the Amended Complaint will completely replace, not supplement, the original Complaint, any facts or claims that Plaintiff wishes to remain must be included in the Amended Complaint. An Amended Complaint form is attached to this Opinion.

If Plaintiff elects to file an amended complaint, Defendants shall have thirty days from the date of Plaintiff's filing to respond. If Plaintiff does not file an Amended Complaint by April 30, 2021, or move for an extension of this deadline, and he cannot show good cause to excuse such a failure, the claims dismissed without prejudice by this Order will be deemed dismissed with

prejudice, and the case will be closed.  Plaintiff is also advised that the claims he asserted in the Complaint concern events that occurred beginning on November 3, 2018 and that any delay in amending his complaint may trigger the statute of limitations.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 17, mail a copy of this Opinion and Order to Plaintiff at the address listed on ECF, and show service on the docket.


Dated:   March 16, 2021                                    SO ORDERED:
         White Plains, New York

                                             _____
                                                     NELSON S. ROMÁN
                                                 United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)


**AMENDED**
**COMPLAINT**
Do you want a jury trial?
☐ Yes    ☐ No


---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                 Middle Initial      Last Name

_____
Street Address

_____
County, City                    State           Zip Code

_____
Telephone Number             Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                   State            Zip Code

Defendant 2: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                   State            Zip Code

Defendant 3: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                   State            Zip Code

Defendant 4: _____

                 First Name                 Last Name

                 _____

                 Current Job Title (or other identifying information)

                 _____

                 Current Work Address (or other address where defendant may be served)

                 _____

                 County, City                 State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1.  Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2.  Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1.  You will no longer receive documents in the mail;

2.  If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3.  This service does *not* allow you to electronically file your documents;

4.  It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address            City            State            Zip Code


_____
Telephone Number            E-mail Address


_____
Date            Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007